

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,992-01

### EX PARTE PAUL HENRY KOLHOFF, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 7660A IN THE 32ND DISTRICT COURT
### FROM MITCHELL COUNTY

*Per curiam*.

#### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded no contest and was convicted of failing to comply with registration requirements. He was sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that he was not required to register as a sex offender, therefore he is actually innocent. He also contends that his trial counsel was ineffective for failing to investigate his duty to register as a sex offender and for advising Applicant to plead no contest to allegations of which he was actually innocent.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to what specific prior offense is being used as the basis for Applicant's requirement to register and what is the offense date, the conviction date, and the date of discharge for that offense. The trial court shall determine whether Applicant was a juvenile at the time of his conviction. If an out of state offense is being used as the basis for Applicant's duty to register, the trial court shall determine by whether that offense has been determined to be substantially similar to a Texas offense by the Department of Public Safety, and if so, the date of that determination. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 3, 2019
Do not publish